HON. JAMES BARRETT,
HON. ASAHEL PECK,
HON. HOMER E. ROYCE,
HON. TIMOTHY P. REDFIELD,    } ASSISTANT JUDGES.

---

THE NATIONAL BANK OF NEWBURY AND THE FIRST NATIONAL
BANK OF ST. JOHNSBURY, *v.* JUDSON C. WEBSTER.

[IN CHANCERY.]

*Exemption of Negotiable Paper Transferred to a Bank, from
Attachment by Trustee Process.*

Negotiable paper transferred to a bank before maturity, is exempt from attachment
by trustee process, by § 47, ch. 34, of the Gen. Sts., although judgment be obtained
against the trustee before such transfer.

PETITION to foreclose a mortgage. The case was heard on
petition, answer, traverse, and an agreed statement of facts. The
defendant executed the notes and mortgage described in the pe-
tition, to one Bowker, on January 25, 1867. The notes were

payable on or before the first day of March 1870 and 1871, re-
spectively. The Bank of Newbury discounted the note first due,
on September 16, 1869; the Bank of St. Johnsbury discounted
the other on August 1, 1870. The last note was paid, mostly,
after suit commenced; the other was paid into $191.69. The
petition alleged that Bowker had transferred the notes to one Cum-
mings, and Cummings to the banks. It appeared that on the 29th
of September, 1868, T. J. & S. E. Ruggles duly recovered judg-
ment before a justice against the defendant as trustee of said
Bowker, upon full disclosure, for $191.69, which the defendant
paid on January 12, 1872; and the question was, whether decree
should be entered for that amount.

At the March term, 1874, Ross, Chancellor, the petition was
dismissed, *pro forma*, with costs. Appeal by the petitioners.

*Wm. Heywood*, for the petitioners, cited *Hall* v. *Bowker & Tr*.
44 Vt. 77.

*Ossian Ray*, for the defendant.

The opinion of the court was delivered by

ROYCE, J. The only question put in issue by the agreed state-
ment of facts is, whether the defendant is entitled to be allowed
as against the petitioners the amount of the judgment obtained
against him as the trustee of Bowker, in the suit of *T. J. & S.
E. Ruggles* v. *Bowker* and the defendant trustee. The right of
the petitioners to claim as against the defendant the amount rep-
resented by the notes at the time they were negotiated to them,
depends upon the construction to be given to the proviso to § 47
of ch. 34, of the Gen. Sts. The question as to the construction to
be given to that proviso, was directly before the court in *Hall* v.
*Bowker* and this defendant trustree, and the same claimants, 44
Vt. 77, and was so fully discussed in the exhaustive opinion de-
livered by BARRETT, J., that nothing further need be added in
defining the rights of banks in the purchase of such paper, as
against adverse claimants.

In that case the trustee process was served upon the trustee
before the sale of the notes by Cummings to the banks, and after

Cummings had notice that a trustee suit had been commenced. And in this case judgment had been rendered against the defendant as the trustee of Bowker, before the sale of the notes to the petitioners. In the case *Hall* v. *Bowker* and this trustee, above referred to, the court say, that by the language in said proviso, " shall become exempt from attachment by the trustee process," " we understand this to mean that the fact of such transfer has the active operation of exempting the paper from the process. And that in this respect it makes no difference whether previous to such transfer, process had been served that would hold the defendant if the paper had not been transferred to a bank." The rights of an attaching creditor are as clearly defined and as much entitled to protection, as are the rights of the trustee, resulting from a voluntary or involuntary payment made to the principal debtor or for his benefit. And if the rights of an attaching creditor can be defeated by such a transfer, for the same reasons the claims of the trustee growing out of any such payment, must be subordinated to the claims of the banks. We understand that the legislature intended by the above statute, to relieve such paper from all defences to which it might be subject in the hands of other parties under our trustee laws, and to leave it to stand when actually negotiated and transferred to any bank while current, upon the same footing with commercial paper under the common law. This we think is the plain meaning of the statute. If its meaning was doubtful, the consequences might be considered in its construction; but where the meaning is plain, no consequences are to be regarded in its interpretation, for this would be opposing a legislative authority. So that if the rights of trustees are not properly protected under existing laws, it is for the legislative department of the government to provide the remedy.

The *pro forma* decree of the court of chancery is reversed, and cause remanded, with mandate to enter a decree for the petitioners, for the sum of $191.69, and interest on the same from the 29th day of September, 1868.